**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JESSIE J. BARNES,

                Plaintiff,

        v.

COUNTY OF MONROE, et al.,

                Defendants.

**DECISION & ORDER**
10-CV-6164

### Preliminary Statement

*Pro se* plaintiff, Jessie J. Barnes, currently incarcerated at Five Points Correctional Facility, brings this cause of action pursuant to 42 U.S.C. § 1983 for alleged violations of his First, Fifth, Seventh, and Fourteenth Amendment rights. By Order of Judge Charles H. Siragusa, dated February 3, 2012, all pretrial motions excluding dispositive motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket # 69). Plaintiff alleges, *inter alia*, that in 2008 through 2009, defendants conspired to and did use or allow excessive force against him. See Third Amended Complaint (Docket # 95). Currently pending before the Court are plaintiff's motion to compel (Docket # 112) and defendants' motion to stay discovery (Docket # 125).

**Discussion**

Defendants move to stay discovery (Docket # 125) until the Court decides their motions to dismiss (Docket ## 119, 120). These dispositive motions are currently pending before Judge Siragusa and have been deemed fully submitted as of August 30, 2013. See Docket # 136.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). "Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); accord Rivera v. Inc. Vill. of Farmingdale, No. CV 06-2613, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007); Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

I find that a stay of discovery is appropriate here. While the motions to dismiss are before Judge Siragusa, based on the Memorandum of Law filed in support of the motions, it does appear

that defendants have substantial arguments in favor of dismissal of many, if not all, of the claims asserted by plaintiff. See Defendants' Motion to Dismiss (Docket # 119, 120). Additionally, the breadth of discovery and burden of responding to the interrogatories and requests to produce documents is massive. There are fifty-five defendants and plaintiff's requests are quite extensive. He is requesting, *inter alia*, every grievance report, incident report, misbehavior report, administrative appeal decision, segregation SHU report, and medical record involving him from August 2008 to February 2009. See Plaintiff's Motion to Compel (Docket # 112). See also Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94Civ.2120, 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996) (granting a stay based on the breadth of discovery where plaintiff submitted three hundred requests to admit, fourteen interrogatories, and twelve document requests). Finally, a court may also consider "whether the party opposing the stay would be unfairly prejudiced by a stay." Id. Here, plaintiff has filed no opposition to defendants' motion to stay discovery, so he does not demonstrate prejudice to him should the stay be granted. Additionally, plaintiff has already had extensive access to discovery documents since filing his Discovery Demands (Docket # 13) on August 3, 2010.

In light of the pending dispositive motions, the need for further discovery is not inevitable. Accordingly, plaintiff's

motion to compel (Docket # 112) is denied without prejudice to renew if his case survives dispositive motions. In denying the motion to compel without prejudice, the Court notes with concern the allegation made by defense counsel that plaintiff's motion to compel relies on deliberately altered documents. See Affirmation of Kristine M. Cahill, Esq. (Docket # 114) at ¶¶ 7-11. Specifically, defense counsel alleges that plaintiff's "Amended First Request for Production of Documents," which plaintiff attaches as Exhibit "A" to his motion papers, appears to have been deliberately altered in that plaintiff's "Amended First Request for Production of Documents" (Docket # 43) is addressed only to defendants McQueeny, Scapula, and Stewart, while Exhibit "A" has no such limitation but is otherwise identical. If plaintiff is deliberately trying to deceive the Court by attaching altered exhibits to his motion papers, sanctions may be appropriate.[1] That determination is not being made here, but should the case survive defendants' motions to dismiss, the alteration of exhibit "A" (see Declaration of Jessie J. Barnes

---

[1] Defense counsel argues that dismissal of the action is an appropriate sanction for plaintiff's abuse of the discovery process. However, dismissal of Barnes' case would be dispositive relief and thus outside the scope of Judge Siragusa's order of referral to this Court. See Docket #69. To the extent defendants seeks dismissal of the complaint as a sanction for the alleged submission of a fraudulent document to the Court, defense counsel should bring the matter to the attention of Judge Siragusa for his consideration in determining the pending motion to dismiss.

4

(Docket # 112) at ¶ 6) will need to be addressed in detail by plaintiff.

## Conclusion

Plaintiff's motion to compel (Docket # 112) is **denied without prejudice**. Defendants' motion to stay discovery (Docket # 125) is **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 19, 2013
Rochester, New York