# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JESSIE J. BARNES,

              Plaintiff,

      v.

RONALD HARLING, et al.,

              Defendants.

**DECISION & ORDER and
REPORT & RECOMMENDATION**
10-CV-6164

### Preliminary Statement

Plaintiff Jessie Barnes ("plaintiff") is an inmate currently confined at Upstate Correctional Facility. He brings the instant pro se action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his state and constitutional rights while he was detained at the Monroe County Jail in 2008 and 2009. See Complaint (Docket # 1). Currently pending before the Court are four motions filed by plaintiff seeking various forms of relief. See Plaintiff's Motion to Compel (Docket # 175); Plaintiff's Motion for Miscellaneous Relief (Docket # 178); Plaintiff's Letter Motion for Extension of Time to File Response/Reply (Docket # 189); and Plaintiff's Motion for Recusal (Docket # 192).

### Procedural Background

Plaintiff filed his original complaint on March 22, 2010, alleging various causes of action against approximately eighty-

eight defendants.  Complaint (Docket # 1).  On February 10, 2015, United States District Judge Elizabeth Wolford whittled the case down to twelve distinct claims in a comprehensive seventy-two page Order in response to defendants' motion to dismiss.  (Docket # 148).  Following Judge Wolford's Order, the undersigned set forth a Scheduling Order so that the remaining claims could proceed to discovery.  (Docket # 167).  Though the parties have actively engaged in discovery, plaintiff has been dissatisfied with both defendants and the Court at various points in the process.  As a result, he has filed several motions, four of which will be addressed below.

## Discussion

**Plaintiff's Motion to Compel (Docket # 175):** In his first motion, plaintiff seeks to compel "prison officials to allow [him] to view DVDs of [the] incidents which occurred on August 7, 2008 . . . and on May 2, 2009 . . . ."  Motion to Compel (Docket # 175) at 1.  He alleges that he received the DVDs but was unable to view them absent this Court's order.  Id. Defendants have no objection to plaintiff's request.  See Response to Motion to Compel (Docket # 177) at 2.  Accordingly, plaintiff's motion to compel (Docket # 175) is **granted.**  The Inmate Records Office at Upstate Correctional Facility is instructed to provide accommodations for plaintiff to view the

video footage in his personal property in a private or semi-private setting.

**Plaintiff's Motion for Miscellaneous Relief (Docket # 178):**
On October 8, 2015, plaintiff filed a motion under Rule 7 of the Federal Rules of Civil Procedure to "correct" the Order of Judge Wolford to "reflect actual March 11, 2009 retaliation against defendants Atkins, Scally, Guest, Amatore, and McGowan." Plaintiff's Motion for Miscellaneous Relief (Docket # 178) at 1. Plaintiff also requests an opportunity to "correct" his complaint. Id. Defendants object to plaintiff's requests, arguing that they lack sufficient support. See Response to Motion for Miscellaneous Relief (Docket # 180) at 2.

Based on plaintiff's requests, this motion is best construed as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider or amend Judge Wolford's Order granting defendants' motion to dismiss in part. (Docket # 148). Rule 59(e) provides a party with twenty-eight days to file a "motion to alter or amend a judgment . . . ." Fed. R. Civ. P. 59(e). Judge Wolford entered her Order on February 10, 2015. (Docket # 148) Thus, as a preliminary matter, plaintiff's instant motion to correct Judge Wolford's Order, which he filed on October 8, 2015, is untimely.

More substantively, there is no "clear error of law or manifest injustice" for the Court to amend under Rule 59(e), as

3

required in the Second Circuit. See Munafo v. Metropolitan
Transp. Authority, 381 F.3d 99, 105 (2d Cir. 2004) ("Although
Rule 59(e) does not prescribe specific grounds for granting a
motion to alter or amend an otherwise final judgment, we agree
with our sister circuits that district courts may alter or amend
judgment to correct a clear error of law or prevent manifest
injustice." (internal quotations and citations omitted)).
Plaintiff's grievance with Judge Wolford's Order involves his
retaliation claim against defendants Atkins, Scally, Guest,
Amatore, and McGowan. In her Order, Judge Wolford allowed that
claim to continue to discovery, finding that plaintiff
sufficiently alleged a causal connection between his protected
activity – filing a grievance report against defendant Scally
after he administered a "degrading and humiliating" strip search
– and the adverse retaliatory action – defendants Atkins,
Scally, Guest, Amatore, and McGowan filing a "false misbehavior
report" against plaintiff. See Order (Docket # 148) at 50-51.
Plaintiff's issue, as best the Court can tell, stems from the
timeline of events described in Judge Wolford's Order: Judge
Wolford refers to this as the March 2, 2009 retaliation claim,
id. at 71, but plaintiff asserts that the "intertwined"
retaliatory incidents extended from March 2 to March 11, 2009.
See Plaintiff's Motion for Miscellaneous Relief (Docket # 178)
at 2.

4

Despite the descriptive differences, there is no meaningful distinction between these two versions of events. The "intertwined" incidents plaintiff refers to include: plaintiff being stripped searched on March 2, 2009; plaintiff filing a grievance report against the officer who searched him on March 3, 2009; and defendants Atkins, Scally, Guest, Amatore, and McGowan filing a "false misbehavior report" against plaintiff on March 11, 2009 that led to plaintiff being placed in solitary confinement for thirty days on March 12, 2009. See id.; see also Third Amended Complaint (Docket # 95) at ¶¶ 69-70, 80, 92-93. Judge Wolford refers to these events collectively as the "March 2, 2009 Retaliation against Defendants Atkins, Scally, Guest, Amatore, and McGowan" and the "Due Process claim as against Defendant Hayes, Horan, Jolly, McGowan, Guest, Scally, Atkins, and Krenzer with respect to Plaintiff's 30-day consecutive SHU assignment that began on March 2, 2009" – both of which are claims that survived defendants' motion to dismiss. Order (Docket # 148) at 50-51, 53-55, and 70-71. Plaintiff will not be "prejudiced during discovery," as he claims, based on Judge Wolford's Order; he is allowed to pursue discovery related to these "intertwined" incidents.[1]   Accordingly, I see no clear

---

[1] In fact, under plaintiff's conception, it is unclear whether these claims would have survived defendants' motion to dismiss at all. In her Order, Judge Wolford describes the fact that the protected activity and retaliation occurred over the course of

error of law or manifest injustice that warrants an amendment to Judge Wolford's Order and it is my Report and Recommendation that his request be **denied**.

Finally, to the extent that plaintiff is asking this Court to allow him to "correct" his complaint, his request is **denied**. According to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading after responsive pleadings have been filed "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." While opportunities to file a supplemental pleading under Rule 15 should be freely granted "[a]bsent due delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility," Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995), allowing Barnes to "correct" his complaint would be improper here. To start, I suspect that plaintiff's reference to correcting his *complaint* was a clerical error – his motion is focused entirely on amending Judge Wolford's Order. Moreover, even if he did intend to move to amend his complaint, I find that motion unsupported: he has failed to sufficiently indicate how or why he hopes to amend his

---

one day as proof of a necessary causal connection, see Order (Docket # 148) at 51, but plaintiff insists that the events were spread out over the course of nine days.

6

pleadings and, as the Court detailed above, any concerns he has with the timeline of events from early March 2009 are a non-issue.

**Plaintiff's Letter Motion for Extension of Time to File Response/Reply (Docket # 189):** In a letter dated December 28, 2015, plaintiff requests an extension of time to file his reply to defendants' response to his motion for miscellaneous relief. (Docket # 189). Since then, plaintiff's Response/Reply has been filed and the Court has taken it under advisement. Accordingly, plaintiff's letter motion is now **moot.**

**Plaintiff's Motion for Recusal (Docket # 192):** In a letter dated January 11, 2016, plaintiff asks that the undersigned and Judge Wolford recuse themselves from this matter. He makes a series of conclusory allegations, suggesting that the undersigned is "bias and prejudice [sic]" and authoring "racist" and "baseless" decisions. (Docket # 192).

This letter is best construed as a motion under 28 U.S.C. § 455(a), which requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." See also Cox v. Onondaga Cnty. Sheriff's Dep't, 760 F.3d 139, 150 (2d Cir. 2014). "[A] motion to recuse is committed to the sound discretion of the judge against whom recusal is sought." McCenzie v. McClatchie, No. 05-CV-618A, 2008 WL 138085 (W.D.N.Y. Jan. 10, 2008) (internal quotations

omitted) (citing <u>Hall v. Dworkin</u>, 829 F. Supp. 1403, 1408 (N.D.N.Y. 1993)). "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality." <u>Barnes v. County of Monroe</u>, 85 F. Supp. 3d 696, 717 (W.D.N.Y. 2015) (internal quotations and citations omitted).

Here, plaintiff has provided no basis for recusal. Cursory allegations of racism and discrimination, without more, are insufficient to warrant such drastic relief. <u>See</u> <u>Mills v. Poole</u>, Nos. 1:06-CV-00842 and 1:11-CV-00440, 2014 WL 4829437, at *6 (W.D.N.Y. Sept. 29, 2014) ("Petitioner's claims of bias and impartiality on the part of the undersigned . . . are both conclusory and based entirely on his disagreement with the Court's decisions. This is an insufficient basis for recusal."). Accordingly, with respect to the undersigned, plaintiff's motion for recusal is **denied.**

## Conclusion

For the reasons stated, plaintiff's motion to compel (Docket # 175) is **granted**, plaintiff's motion for recusal (Docket # 192) is **denied**, and plaintiff's motion for extension of time (Docket # 189) is **moot.** Further, it is my Report and

Recommendation that plaintiff's motion for miscellaneous relief

(Docket # 178) be **denied.**

    **SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 6, 2016
      Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.   See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**   Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:      September 6, 2016
            Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed.   United States v. Andress, 943 F.2d 622 (6th Cir. 1991), cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).