UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

JESSIE J. BARNES,

               Plaintiff,

                        **DECISION AND ORDER**

        v.                       10-CV-6164 EAW

RONALD HARLING, et al.,

               Defendants.

_____

     This case was referred to Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b)(1)(A) for supervision of pretrial matters and the handling of non-dispositive motions. (Dkt. 69). On September 7, 2016, Magistrate Judge Feldman issued a Decision & Order and Report & Recommendation (Dkt. 240). In it, Judge Feldman made a recommendation to deny Plaintiff Jessie J. Barnes's ("Plaintiff") motion for miscellaneous relief (Dkt. 178), and issued a decision denying Plaintiff's request for recusal (Dkt. 192). Presently before the Court are Plaintiff's objections to that recommendation and decision. (Dkt. 242). Plaintiff further argues that the undersigned should recuse herself. (*Id.*).

     The Court has carefully reviewed Judge Feldman's Decision & Order and Report & Recommendation, the record in this case, and the pleadings and materials submitted by the parties, including Plaintiff's objections (Dkt. 242) and Defendants' response (Dkt. 244). Based upon the Court's *de novo* review, the Court agrees with Judge Feldman's thorough and comprehensive Report & Recommendation that Plaintiff's motion for

miscellaneous relief should be denied.   Therefore, the Court adopts Judge Feldman's Report & Recommendation, and for the reasons set forth therein, Plaintiff's motion for miscellaneous relief (Dkt. 178) is denied.

With respect to Plaintiff's request that Judge Feldman recuse himself, the review of that decision is pursuant to a clearly erroneous or contrary to law standard. *See, e.g.,* *Kampfer v. Gokey*, 159 F.R.D. 370, 372 (N.D.N.Y. 1995) (magistrate judge's denial of recusal motion reviewed under clearly erroneous or contrary to law standard).   Based on the Court's review of this matter, it is apparent that Plaintiff has failed to establish that Judge Feldman's recusal is warranted, let alone that the decision denying Plaintiff's recusal motion was clearly erroneous or contrary to law.   Therefore, the Court agrees with Judge Feldman's carefully reasoned opinion and concludes that his decision denying Plaintiff's motion to recuse (Dkt. 192) was not clearly erroneous or contrary to law.

Finally, Plaintiff's motion, filed at Docket 192, also seeks the undersigned's recusal, and that aspect of Plaintiff's motion was not addressed by Judge Feldman. Under 28 U.S.C. § 455, a federal judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," and/or "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(a), (b)(1). "[R]ecusal motions are committed to the sound discretion of the district court . . . ." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).   In deciding whether to recuse, a judge considers whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned[.]" *Id.*

Plaintiff's motion for recusal is based on his conclusory allegations of my alleged bias and his disagreement with the conclusions reached in my Decision and Order granting, in part, Defendants' motion to dismiss.  (Dkt. 148).  Plaintiff's speculative claims of bias lack any factual basis and fail to provide grounds for my recusal. Moreover, Plaintiff's disagreement with my legal conclusions is not evidence of bias or prejudice.  As the Supreme Court of the United States has explained, judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Accordingly, with respect to the undersigned, Plaintiff's motion for recusal (Dkt. 192) is hereby denied.

CONCLUSION

For the foregoing reasons, this Court adopts the Report & Recommendation (Dkt. 240) and for the reasons set forth therein, Plaintiff's motion for miscellaneous relief (Dkt. 178) is denied.  In addition, for the reasons set forth above, Plaintiff's motion for recusal (Dkt. 192) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      October 12, 2016
            Rochester, New York