# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JESSIE J. BARNES,

        Plaintiff,

v.

RONALD HARLING, et al.,

        Defendants.

DECISION & ORDER
10-CV-6164

Plaintiff Jessie J. Barnes ("plaintiff" or "Barnes"), a prison inmate in the custody of the New York State Department of Corrections and Community Supervision filed the instant action on March 22, 2010, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. Plaintiff contends that his rights were violated at the Monroe County Jail in 2008 and 2009, while he was confined there during the pendency of criminal prosecutions against him. See Complaint, Docket # 1.

Currently before the Court is plaintiff's motion for miscellaneous relief (see Docket # 182), plaintiff's motion to compel video footage (see Docket # 190), and plaintiff's motion to compel discovery responses (see Docket # 223). I address each motion separately below.

### Motion for Miscellaneous Relief (Docket # 182)

On December 2, 2015, plaintiff filed this motion for miscellaneous relief (see Docket # 182), in which plaintiff moved to compel (1) defendants' responses to certain requests for

1

production, (2) production of employee personnel files, and (3) defendants Danehy, Amico, and Scally's responses to certain of plaintiff's interrogatories. Defendants responded on December 17, 2015. See Docket # 185.

The Court finds that most of the responses or documents plaintiff seeks have already been provided. Defendants responded to plaintiff's amended requests for production on August 18, 2015 (see Docket # 174) and on December 17, 2015 (see Docket # 184). Defendants responded to plaintiff's interrogatories on July 15, 2015 (see Docket ## 171, 172, 173). The Court is satisfied that, with one exception, defendants' responses adequately answer plaintiff's requests and no further answers are necessary. As discussed on the record, and considering the parties have entered into a confidentiality agreement (Docket ## 271, 272), defendants are directed to produce the employee personnel files plaintiff requested, to the extent they are relevant. See Docket # 267. Therefore, except in that one respect, plaintiff's motion for miscellaneous relief (Docket # 182) is **denied**.

### Motion to Compel Video Tape (Docket # 190)

Plaintiff filed a motion to compel certain video tape footage (see Docket # 190), on January 13, 2016. Defendants notified this Court that they were prepared to produce the requested video tape, but that the correctional facility had informed them that the tape

2

would not play. The Court urged defendants to work with the correctional facility to secure an opportunity for plaintiff to view the video tape. When that did not prove fruitful, the Court ordered defendants' counsel to contact Upstate Correctional Facility to ensure that plaintiff was able to view the recording. See Docket # 253. The parties informed the Court - and plaintiff confirmed on the record - that plaintiff has now viewed the video tape. Accordingly, plaintiff's motion to compel (see Docket # 190) is **denied as moot.**

## Motion to Compel (Docket # 223)

Plaintiff moves to compel more "adequate[]" responses to specific parts and subparts of 19 defendants' answers to plaintiff's interrogatories. See Docket # 223. However, plaintiff does not provide any legal or factual basis for why such additional response are required.

Nevertheless, the Court has examined each contested interrogatory and response to determine if there are any deficiencies. The Court acknowledges that in many instances, the defendants supply terse (but apt) responses to plaintiff's interrogatories and that on several occasions, the defendants claim to not remember certain details. While this may prove frustrating to plaintiff, the Court cannot compel defendants to answer questions the interrogatories do not pose; nor can the Court

3

compel a defendant to remember something he or she does not recollect. The Court is satisfied that, with the exception of one question posed to six defendants, defendants' responses were adequate.

Interrogatory Number 19(f,) posed to defendants Tripoli, McGowan, Cardella, Peck, Jolly, and Kaiser, asked for the name and identification number of all prisoners housed in reception housing units 1-89 on December 23, 2008, at 8:00 p.m. See Docket ## 221, 203, 201, 206, 212, 216. The Court construes this as a request to identify witnesses who may have been present during the events giving rise to plaintiff's complaint. At a status conference on June 7, 2017, defendants' attorney stated she would provide this information – to the extent relevant – if she had not already done so. The Court then issued an order on June 8, 2017, directing defendants to produce "a list of the inmates present in the housing unit on January 19, 2009" by June 21, 2017. Docket # 267. Defendants provided this information on July 12, 2017. Docket # 270. Plaintiff's motion to compel is, therefore, **denied as moot**.

## Conclusion

The Court reaffirms its June 8, 2017 Order, in which it directed defendants to produce, among other things, "relevant portions of defendants' employee files." Docket # 267. In all other respects, however, plaintiff's motion for miscellaneous

4

relief (Docket # 182) is **denied**; plaintiff's motion to compel video footage (Docket # 190) is **denied as moot**; and plaintiff's motion to compel discovery responses (Docket # 223) is **denied as moot**.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   September 18, 2017
         Rochester, New York