UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSIE J. BARNES,

          Plaintiff,

     v.

CAPTAIN JOLLY, *et al.*,

          Defendants.
_____

**DECISION AND ORDER**

6:10-CV-06164 EAW

# BACKGROUND

The instant litigation was commenced nearly 12 years ago by *pro se* plaintiff Jessie J. Barnes ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (*See* Dkt. 1). The action arises out of incidents at the Monroe County Jail (the "Jail") in 2008 and 2009 and the defendants are employees of Monroe County ("the County"). (*See id.*).

The matter was previously scheduled to go to trial in February of 2020, but the trial date was adjourned to November 16, 2020, at Plaintiff's request. (Dkt. 354). On July 27, 2020, the Court granted an adjournment of the November 2020 trial date, again at Plaintiff's request, due to the COVID-19 pandemic. (Dk. 361; Dkt. 364).

Plaintiff thereafter sent a letter to the Court dated August 7, 2020, in which he indicated that he was interested in mediating the matter. (Dkt. 365). A settlement conference was held before Magistrate Judge Mark W. Pedersen on April 16, 2021, and a settlement agreement was reached. (Dkt. 374). Specifically, Plaintiff agreed to settle the

- 1 -

matter in return for a payment of $9,900.00, after obtaining confirmation that he would not have to serve any remaining time in the special housing unit if he were to return to the Jail and that he did not owe any money to the County from his prior detention at the Jail. (Dkt. 390 at 6). The parties agreed to these terms on the record and Judge Pedersen indicated that the matter was resolved. (*Id*. at 6-8).

On May 10, 2021, Plaintiff filed a motion asking Judge Pedersen to order that the settlement amount be paid to his power of attorney and not into his inmate account at DOCCS. (Dkt. 375). Defendants opposed this request. (Dkt. 378; Dkt. 379).

Plaintiff executed a written Settlement Agreement and Release on June 3, 2021, in which he confirmed his agreement to release the claims in this matter in exchange for a payment of $9,900.00. (Dkt. 381 at 5-6). The Settlement Agreement and Release was thereafter executed by defense counsel of behalf of Defendants. (Dkt. 395 at 79-81).

On August 9, 2021, Judge Pedersen entered an Order denying Plaintiff's motion seeking to have payment made to his power of attorney and directing Defendants to make the settlement payment to Plaintiff's inmate account at DOCCS. (Dkt. 389). Plaintiff filed a motion on September 13, 2021, asking the Court to vacate Judge Pedersen's Order. (Dkt. 393). Defendants filed a response in opposition on October 5, 2021. (Dkt. 395).

On October 14, 2021, Plaintiff filed a motion for sanctions. (Dkt. 396). In particular, Plaintiff seeks sanctions against defense counsel pursuant to Federal Rule of Civil Procedure 11(c)(2), claiming that he has engaged in unlawful conduct by refusing to release the $9,900.00 settlement payment to the third-party designated by Plaintiff. (*Id*.). Defendants filed a response in opposition on October 21, 2021. (Dkt. 397).

## DISCUSSION

The instant dispute relates to the enforceability of the settlement agreement placed on the record before Judge Pedersen on April 16, 2021, and memorialized in the written Settlement Agreement and Release. In particular, Plaintiff contends that he is free under the agreement to designate a third party to whom payment shall be made, while Defendants take that position that they "agreed to pay a settlement to the Plaintiff directly and did not agree to pay any other party." (Dkt. 395 at 2). Defendants thus state that they intend to send payment directly to Plaintiff, while acknowledging that "when any payment is sent to the Plaintiff, it will be taken by NYSDOCCS and applied to a debt that Plaintiff owes to NYSDOCCS, pursuant to NYSDOCCS policies and directives." (*Id.*).

As an initial matter, the Court finds that it has jurisdiction to resolve the instant dispute. Because "[f]ederal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," there is not "automatic jurisdiction" over enforcement of settlement agreements that result in the dismissal of a federal case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 381 (1994). However, the analysis is different where a settlement dispute arises in a matter that remains pending. As the Court of Appeals for the District of Columbia Circuit has explained:

> [W]here, as in *Kokkonen*, a party seeks to enforce a settlement agreement after the district court has dismissed the case, the district court lacks jurisdiction over the agreement unless the court either incorporated the agreement's terms into the dismissal order or expressly retained jurisdiction over the agreement. If, however, a party seeks to enforce a settlement while the underlying suit remains pending, then the district court has jurisdiction to enforce the related settlement.

*T St. Dev., LLC v. Dereje & Dereje*, 586 F.3d 6, 11 (D.C. Cir. 2009); *see also Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 950 F.3d 849, 855 (Fed. Cir. 2020) ("Other circuits have . . . held that 'nothing in *Kokkonen* precludes district courts from enforcing settlements that occur during litigation.'" (quoting *T St.*, 586 F. 3d at 10, and citing *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 797 F.3d 83, 86 (1st Cir. 2015), *Bryan v. Erie Cty. Office of Children & Youth*, 752 F.3d 316, 322 (3d Cir. 2014), and *Bailey v. Potter*, 478 F.3d 409, 412 (D.C. Cir. 2007)).

Prior to the Supreme Court's decision in *Kokkonen*, the Court of Appeals for the Second Circuit held that "[a] district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). While the Second Circuit has not revisited the matter in a published decision post-*Kokkonen*, it quoted the statement from *Meetings & Expositions* set forth above with approval in *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, 409 (2d Cir. 2013). The Court finds the analysis in the cases cited above persuasive and, based on the decisions in *Meetings & Expositions* and *BCM*, believes that the Second Circuit would find the same if presented with the issue. *See Bluelink Mktg. LLC v. Carney*, No. 16-CV-7151 (JLC), 2017 WL 4083602, at *4 (S.D.N.Y. Sept. 15, 2017) (citing *BCM* and finding that "because the case was open when the pending motions were filed, the Court . . . has jurisdiction over this [settlement] dispute."). Accordingly, the Court finds no barrier to an exercise of jurisdiction under the circumstances presented here.

The Court next considers the appropriate standard of review with respect to Judge Pedersen's Order. To the extent the instant dispute impacts the validity of the parties' settlement agreement, it is dispositive, and thus subject to *de novo* review. *See* Fed. R. Civ. P. 72(a), (b) (magistrate judge rulings on non-dispositive matters are subject to reversal only if "clearly erroneous or . . . contrary to law", while any properly objected-to aspects of a magistrate judge's ruling on a dispositive matter are reviewed *de novo*); *Duff v. Comm'r Suffolk Cty. Police Dep't*, No. 04-CV-1568 JFB MLO, 2007 WL 4373444, at *1 (E.D.N.Y. Dec. 10, 2007) (reviewing magistrate judge's recommendation that settlement agreement be enforced under *de novo* standard). However, as discussed further below, it does not appear that Plaintiff is contesting the validity of the settlement agreement but is instead arguing that Defendants are not properly complying with its terms.

It is less clear what standard of review applies to Judge Pedersen's denial of Plaintiff's request that the settlement proceeds be paid to a third party. Plaintiff argues that Judge Pedersen's Order was "clearly erroneous or contrary to law" (Dkt. 393 at 7, 64), suggesting that he views the matter as non-dispositive, while Defendants have not addressed the issue in their papers. The Court has not discovered in its own research any cases directly on point. However, the Court need not resolve the question here because, for the reasons set forth below, even on *de novo* review Plaintiff is not entitled to the relief he seeks.

Turning to the merits of the dispute, as noted above, it does not appear to the Court that Plaintiff is contending that no valid settlement agreement was reached. To the contrary, Plaintiff argues that Defendants have breached the settlement agreement. (*See*

Dkt. 393 at 5, 65). In any event, to the extent Plaintiff is challenging the validity of the parties' settlement agreement, his arguments must fail. Not only did the parties reach a valid, binding oral agreement that was placed on the record before Judge Pedersen, they subsequently executed the written Settlement Agreement and Release memorializing the same. "As with any contract, a settlement agreement is binding . . . if there is an offer, acceptance, consideration, mutual assent, and intent to be bound." *Grgurev v. Licul*, No. 1:15-CV-9805 (GHW), 2016 WL 6652741, at *3 (S.D.N.Y. Nov. 10, 2016). All of these criteria have been satisfied in this case. Further, the settlement agreement was negotiated in front of Judge Pedersen and knowingly and voluntarily entered into by Plaintiff. Under these circumstances, there can be no question that a valid contract was formed.

With respect to Plaintiff's demand that the settlement amount be paid to a third party, "[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law. If a contract is clear, <u>courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself</u>." *Torres v. Walker*, 356 F.3d 238, 245 (2d Cir. 2004) (citations and quotations omitted and emphasis added). Here, the terms of the parties' agreement did not impose on Defendants an obligation to make the settlement payment to any party other than Plaintiff. Indeed, defense counsel has declared under penalty of perjury that he expressly discussed with Plaintiff "the idea of payment to some other party . . . as part of settlement negotiations" but that defense counsel "expressly did not agree to any such payment to third parties." (Dkt. 395 at 3). In the absence of an agreement by the parties, it is not the role of this Court to dictate that

Defendants pay the settlement amount to a third party rather than making payment directly to Plaintiff.[1] Plaintiff's argument that "there is nothing in the settlement agreement or stipulation . . . which mandate the plaintiff's $9,900.00 check payment be placed in an account" at DOCCS (Dkt. 393 at 5) is not persuasive—just as there is no requirement that Defendants make the settlement payment in this fashion, there is also nothing in the settlement agreement forbidding them from doing so.  There is simply no basis for the Court to order Defendants to assist Plaintiff in attempting to evade his debts to DOCCS by making the settlement payment to a third party.

Plaintiff's argument that Defendants violated a court order by failing to cite relevant legal authority in their response to his motion (*see* Dkt. 393 at 6, 65) is also not persuasive. Defendants' filings apprised Judge Pedersen of their position, and there is no indication in the record that Judge Pedersen viewed such filings as deficient in any way.  In any event, Plaintiff does not have a substantive right to dictate the contents of Defendants' filings, and this is not a basis for the Court to vacate Judge Pedersen's Order.

---

[1] To the extent Plaintiff challenges DOCCS' "oppressive, impermissible, discriminatory, authoritarian, unconstitutional" policies regarding debt collection from inmate accounts (*see* Dkt. 393 at 6, 65-69), that issue is not properly before this Court.  As Plaintiff acknowledges, he has a pending state court action challenging this policy. (*Id*.). For the same reason, Plaintiff's contention that Judge Pedersen failed to appropriately consider the manner in which DOCCS handles prisoner accounts, including its use of a vendor known as "JPAY" (*see id*. at 64-65), are unavailing.  Defendants are not responsible for what happens to the settlement payment after it is sent to Plaintiff; any disputes in that regard are a matter between Plaintiff and DOCCS and can be heard in an appropriate case.

The Court further notes that this is not a case in which Plaintiff has asked for the settlement payment to be made to a different account in his own name, as opposed to his DOCCS inmate account.  The Court offers no opinion on whether Defendants would be obliged to honor such a request.

Finally, Plaintiff's contention that Defendants are attempting to obtain unjust enrichment via "confiscation" of the settlement amount (*see id*. at 71) is without merit. Defendants are not DOCCS and there is no evidence in the record that they will obtain any benefit if DOCCS ultimately garnishes the settlement payment for application to Plaintiff's debts.

For all these reasons, the Court finds, on *de novo* review, that the settlement agreement is enforceable and that it does not oblige Defendants to make the settlement payment to a third party. Further, there is absolutely no basis for the imposition of sanctions under Rule 11(c)(2). The record before the Court does not reveal any misconduct by defense counsel. Plaintiff's unhappiness with Defendants' refusal to make the settlement payment to a third party does not constitute sanctionable conduct.

## **CONCLUSIONS**

For the reasons set forth above, the Court denies Plaintiff's motion to vacate Judge Pedersen's Order (Dkt. 393) and Plaintiff's motion for sanctions (Dkt. 396). Defendants shall pay the settlement amount to Plaintiff via his DOCCS inmate account within 14 days of entry of this Decision and Order.

Pursuant to Local Rule of Civil Procedure 41:

> When a case is settled, the parties shall, within fourteen (14) days thereafter, file a stipulation of dismissal or other appropriate document (i.e., consent decree). If such document is not timely filed, the Judge may enter an order dismissing the case as settled, without costs, and on the merits.

L. R. Civ. P. 41(a). Here, agreement was reached in April of 2021 and the Settlement Agreement and Release was executed in June of 2021. The instant dispute having now

been resolved, there does not appear to be any further impediment to closing this action. Accordingly, if the parties do not file a stipulation of dismissal within 14 days of entry of this Decision and Order, the Court will enter an order of dismissal under Local Rule 41.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      December 16, 2021
            Rochester, New York